UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PAMELA L. CURTIN, o/b/o BRIAN C. SHEIL,
                                                  Plaintiff,
    vs.                                                                        3:06-CV-912 (LEK/GJD)

COMMISSIONER OF SOCIAL SECURITY,
                                                  Defendant.
_____

EUGENE D. FAUGHNAN, ESQ. for Plaintiff
KAREN T. CALLAHAN, Asst. U.S. Attorney for Defendant

GUSTAVE J. DI BIANCO, United States Magistrate Judge

## REPORT-RECOMMENDATION

This matter was referred to me for report and recommendation by the Honorable Lawrence E. Kahn, United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d). This case has proceeded in accordance with General Order 18. Presently before the court is defendant's motion to dismiss this action for lack of subject matter jurisdiction. (Dkt. No. 4). Plaintiff has responded in opposition to the motion, and defendant has filed a reply. (Dkt. Nos. 5, 6). For the following reasons, this court agrees with defendant and will recommend dismissal of the complaint.

## PROCEDURAL HISTORY

Plaintiff[1] initially filed an application for Supplemental Security Income (SSI)

---

[1] Pamela Curtin has brought this action on behalf of her disabled son, Brian Sheil. (Dkt. No. 1). The court will refer to "Pamela Curtin o/b/o Brian Sheil" collectively as "plaintiff."

Benefits on November 8, 1999.[2] The application was denied initially and on reconsideration. Plaintiff requested a hearing before an Administrative Law Judge (ALJ). The hearing was held before ALJ Robert Wright, and on September 13, 2000, the ALJ issued a fully favorable decision. Defendant's Ex. 2, Report-Rec. at 6.

The Appeals Council reviewed ALJ Wright's decision, and on May 2, 2001, issued a decision modifying the ALJ's determination, resulting in the denial of SSI benefits. *Id.* Plaintiff filed an action in the Northern District of New York that was assigned to Magistrate Judge Peebles and District Judge Hurd. *Curtin v. Barnhart*, 6:01-CV-976 (N.D.N.Y.). On May 11, 2004, Magistrate Judge Peebles issued a Report-Recommendation, finding that the Commissioner's decision was not supported by substantial evidence and recommending remand to the agency for further development of the record. Defendant's Ex. 2. On September 10, 2004, District Judge Hurd approved the recommendation and remanded the action to the Agency for further proceedings. Defendant's Ex. 1.

On September 27, 2004, the Appeals Council remanded the case to ALJ Carl E. Stephan to take "any further action needed to complete the administrative record and

---

[2] The court notes that there is no administrative transcript in this action, however, Magistrate Judge David E. Peebles issued a recommended decision in a previous action filed by plaintiff in which he outlined the procedural history. This court will refer to the procedural history as stated in the parties' papers in this case as well as in Magistrate Judge Peebles's Report Recommendation dated May 11, 2004. Magistrate Judge Peebles's recommended decision as well as U.S. District Judge Hurd's approval of that recommendation have been attached as exhibits to defendant's motion papers. Defendants Exs. 1, 2.

2

issue a new decision." Defendant's Ex. 3 at 3.  On December 28, 2005 ALJ Stephan issued another "Fully Favorable" decision in plaintiff's case. Defendant's Ex. 4. However, on February 1, 2006, the Appeals Council wrote a letter to plaintiff's attorney, stating that the Appeals Council had decided "on its own" to review the ALJ's decision. Defendant's Ex. 5.  In this letter, the Appeals Council explained why it believed that the ALJ's fully favorable decision was incorrect. *Id.*

At the end of the letter, the Appeals Council stated that the decision would be held open for thirty days, and that plaintiff could submit any additional information or argument within that time period.  The letter stated that if the Appeals Council did not hear anything within thirty days, it would issue its decision. Defendant's Ex. 5 at 4. Plaintiff did not submit any further information, and on May 27, 2006, the Appeals Council issued its order, reversing ALJ Stephan's decision and remanding plaintiff's case to an ALJ for further findings. Defendant's Ex. 6.  On July 26, 2006, plaintiff filed this civil action in federal court. (Dkt. No. 1).

### DISCUSSION

**1.    Facts**

Even though the merits of this case are not before the court, it is necessary to discuss the facts briefly for clarity.  The facts surrounding plaintiff's disability are not disputed.  Plaintiff, Brian Sheil, suffers from a neurological disorder, similar to autism that affects his social functioning and learning. Defendant's Ex. 1, Report-Rec. at 3.

Brian was hospitalized beginning in October of 1995 at the McLean Hospital, and was later sent to Berkley Oaks, a group home operated by McLean. *Id.* at 4.  Brian's father died in 1992, and his mother Pamela, established the "Brian Sheil Special Needs Trust." *Id.*  There are certain requirements governing the disbursement of funds from the trust, including a restriction on the trustee's ability to make any disbursements which would affect Brian's eligibility for governmental benefits. *Id.*

During the relevant time period, Pamela Curtin made certain disbursements from the trust, used to pay monthly McLean Hospital invoices and other expenses, with a portion of the money used to defray medical expenses. *Id.* at 5.  From the beginning of this case, the narrow issue on the merits has been whether the money disbursed from the trust may be counted as income for purposes of eligibility for SSI.[3]  The ultimate issue was the purpose of the payments and whether the payments were for primarily medical purposes or whether the payments were for shelter, including room and board.[4]

---

[3] In order to qualify as an "eligible individual" for purposes of SSI, an applicant must *inter alia* must meet a maximum income limitation. 42 U.S.C. § 1382(a)(1)(A).  Income is further defined in the regulations. 42 U.S.C. § 1382(a)(2)(A); 20 C.F.R. §§ 416.1104, 416.1121-24.

[4] As Magistrate Judge Peebles framed the issue, the question was whether the payments represented room and board provided to Brian during a "medical confinement" or whether the payments simply represented the cost of "room and board" and would therefore be included as income for purposes of SSI. M.J. Peebles Rec. at 17.

**2.     Jurisdiction**

The United States is immune from suit except to the extent that it specifically consents to be sued. *Dotson v. Griesa*, 398 F.3d 156, 177 (2d Cir. 2005)(quoting *United States v. Mitchell*, 445 U.S.535, 538 (1980)).  This sovereign immunity shields the United States as well as its agencies and officers acting in their official capacities. *Id.* (citing *FDIC v. Meyer*, 510 U.S. 471, 475 (1994)).  A waiver of sovereign immunity cannot be implied, and must be "unequivocally expressed." *Id.* (citing *United States v. King*, 395 U.S. 1, 4 (1969)).

It is well-settled that the district court may not review an adverse decision of the Commissioner regarding the plaintiff's entitlement to SSI except as expressly authorized by the Social Security Act, 42 U.S.C. § 1383(c)(3)(incorporating section 405(g)). *Id.*  Section 405(g) of the Social Security Act requires that plaintiff exhaust her administrative remedies, and that an appeal to federal court must be from a "final decision" of the Commissioner. 42 U.S.C. § 405(g). *See Heckler v. Ringer*, 466 U.S. 602, 617 (1984)); *Blanchard v. Social Security Administration*, CV-91-1576, 1993 U.S. Dist. LEXIS 2781, *4-8 (E.D.N.Y. March 1, 1993).  The statute also provides that there shall be no review other than that provided in section 405(g). 42 U.S.C. § 405(h).

**A. Final Decision**

The requirement of a "final decision" has two components. *City of New York v.*

*Heckler*, 742 F.2d 729, 734 (2d Cir. 1984), *aff'd sub nom. Bowen v. City of New York*, 476 U.S. 467 (1986).  The first component is non-waivable and requires that a claim for benefits be presented to the Commissioner. *Id.*  The second component is waivable and requires that the claimant exhaust the administrative remedies prescribed by the Commissioner. *Id.*  There is no definition of a "final decision" in the Social Security Act, and it has been left to the Commissioner to define that term in the regulations. *See Sims v. Apfel*, 530 U.S. 103, 106 (2000).  The regulations set forth the detailed administrative process for presentation of claims. *See Iwanchiw v. Massanari*, 125 Fed. Appx. 330, 331-32 (2d Cir. 2005)(citing *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975)).

   The regulations provide that an applicant for benefits must complete a four-level administrative review process to obtain a "final decision." 20 C.F.R. § 416.1600.  An applicant must obtain initial review, reconsideration of a denial; an ALJ determination of a denial of reconsideration, and Appeals Council review of an adverse ALJ determination. *Id.*  The Commissioner's decision does not become "final" for purposes of section 405(g) until after the Appeals Counsel has denied review or decided the case after review. *Mathews v. Chater*, 891 F. Supp. 186, 188 (S.D.N.Y. 1995), *aff'd*, 101 F.3d 681 (2d Cir. 1996); 20 C.F.R. § 416.1481.

   The regulations also provide for an "expedited review process". 20 C.F.R. §§ 416.1400(a)(6); 416.1423.  This process allows a claimant to proceed to Federal

Court prior to Appeals Council review if the claimant has no dispute with the facts, but is claiming that a part of the law is unconstitutional. *Id.* There are procedures required for the expedited review process to be available to a claimant, and the claimant must properly request these procedures.[5] *See e.g.* 20 C.F.R. § 416.1425.

The regulations also contain a section governing Appeals Council review of ALJ decisions "in a case remanded by a Federal court." 20 C.F.R. § 416.1484. This section provides that after remand from Federal court, the ALJ's decision will become the final decision of the Commissioner "unless the Appeals Council assumes jurisdiction of the case." *Id.* § 416.1484(a). The Appeals Council may assume jurisdiction either based on written objections by the claimant to an adverse decision by the ALJ, or may assume jurisdiction "without exceptions being filed" any time within sixty days after the ALJ's decision. *Id.* § 416.1484(d).

If the Appeals Council assumes jurisdiction on its own, the Appeals Council will provide the claimant the opportunity to file briefs or other written statements about the case. *Id.* After the claimant has been given the opportunity to submit this further information, the Appeals Council will "either issue a final decision of the Commissioner affirming, modifying, or reversing the decision of the [ALJ], ***or remand the case to an [ALJ] for further proceedings, including a new decision.***" *Id.*

---

[5] Plaintiff does not allege that she followed these procedures, and is not claiming jurisdiction on this basis.

(emphasis added).  Based on this language, it is clear that the regulations do ***not*** consider a ***remand*** by the Appeals Council to another ALJ to be a "final decision" of the Commissioner.

The case law supports this conclusion. *See Iwanchiw*, 125 Fed. Appx. at 332.  In *Iwachiw*, the plaintiff filed his federal court complaint after the Appeals Council had vacated the ALJ's decision and remanded the case to an ALJ for further proceedings.  *Id.*  The Second Circuit found that Mr. Iwanchiw's appeal to the federal court was not from a final decision of the Commissioner and affirmed the district court's finding that it lacked jurisdiction to hear the suit. *Id.*

In making this decision, the Second Circuit cited various other circuits agreeing that an order of remand by the Appeals Council is not a "final decision." *Id.* (citing *Weeks v. Commissioner*, 230 F.3d 6, 7 (1st Cir. 2000)(per curiam); *Culbertson v. Shalala*, 30 F.3d 934, 937 n.3 (8th Cir. 1994); *Duda v. Secretary of HHS*, 834 F.2d 554, 555 (6th Cir. 1987); *Harper v. Bowen*, 854 F.2d 678, 680 (4th Cir. 1988)).  The Tenth Circuit has also agreed that an Appeals Council remand order is not a "final decision." *Martinez v. Barnhart*, 444 F.3d 1201, 1204-05 (10th Cir. 2006)(citing *Weeks, supra*).

In this case, plaintiff's first argument is that she has a final decision because plaintiff did not request review of the ALJ's decision within 60 days, and therefore, the ALJ's decision automatically became final under the regulations.  Plaintiff's

counsel further argues that if the Appeals Council is allowed to review the case "on its own motion," the Appeals Council would be able to "forever restrict an individual from obtaining a final decision . . . ." Plaintiff's Brief at 7.

However, as stated above, the regulations themselves provide for the Appeals Council to assume jurisdiction over a case even without objection by the claimant to the ALJ's decision. 20 C.F.R. § 416.1484(a).  Thus, the Appeals Council remand of plaintiff's case to an ALJ, even if it is the third time that the case will be remanded to an ALJ, is ***not a final decision*** of the Commissioner from which plaintiff can appeal to federal court under 42 U.S.C. § 405(g).  Plaintiff has therefore, failed to exhaust her administrative remedies.  The court does note that plaintiff's second argument regarding whether she has a final decision is more appropriately considered under the heading of exceptions to the exhaustion requirement.

### B. Constitutional Claims

An exception to the exhaustion requirement does exist, however, if the Commissioner's decision is challenged on constitutional grounds. *Lewis v. Shalala*, 1995 U.S. Dist. LEXIS at *18-20 (citing *inter alia Califano v. Sanders*, 430 U.S. 99, 109 (1977)).  "Although the [Commissioner] ordinarily has discretion to decide when to waive the exhaustion requirement, cases may arise where it is inappropriate to defer to the agency's judgment concerning finality." *Id.* (citing *Bowen v. City of New York*, 476 U.S. 467, 483 (1986)).  The exhaustion requirement may be waived when the

plaintiff's challenge is entirely collateral to the substantive claim of entitlement and the plaintiff would be irreparably harmed if the exhaustion requirement were enforced against [her]." *Id.*

In this case, plaintiff's counsel argues that her due process rights are being violated by the Appeals Council's action in continuing to remand favorable decisions to an ALJ for further proceedings. Plaintiff's Brief at 8-10. Plaintiff's counsel claims that the Appeals Council is merely "judge shopping" until it can find an ALJ who will deny plaintiff's claim for benefits. Counsel also argues that plaintiff has been attempting to get benefits that were initially granted by an ALJ on September 18, ***2000***.

The court notes that it is arguable that a due process claim is "collateral" to plaintiff's claim for benefits. Plaintiff is simply claiming that, regardless of the merits of the claim, the Appeals Council's remand of plaintiff's case is causing an unconstitutional delay.

The essential requirements of due process are "notice and an opportunity to respond." *Cleveland Bd. of Education v. Loudermill*, 470 U.S. 532, 546 (1985). The due process clause also requires the provision of a hearing "at a meaningful time." *Id.* at 547 (citation and internal quotation marks omitted). In *Cleveland Bd. of Education*, the Supreme Court stated that at some point, delay rises to the level of a constitutional violation. *Id.* The Second Circuit has also stated that delay may be so unreasonable as

to deny due process when it is inordinately long or when the benefit claimant demonstrates immediate financial need. *Isaacs v. Bowen*, 865 F.2d 468, 477 (2d Cir. 1989).

In this case, plaintiff points out that the delay has been over six years and that two ALJs have granted plaintiff benefits only to have the Appeals Council either reverse or remand the case to another ALJ. Although the court sympathizes with the long delay being experienced by plaintiff, as defendant points out, Brian Sheil also receives Title II Social Security benefits and disbursements from his Special Needs Trust. Defendant's Reply Memorandum at 4. Thus, plaintiff has not shown "immediate financial need" or irreparable harm from the delay.

In addition, a review of Judge Peebles's recommendation and Judge Hurd's affirmance shows that the issue in this case was very narrow, and the initial record was "woefully lacking in evidence" to determine whether the payments at issue represented the cost of Brian's "room and board," or whether the room and board was provided to Brian during a "medical confinement." Defendant's Ex. 2, Report Recommendation at 17. The purpose of the federal court remand was to "clarify this point." *Id.* at 16.

It is unclear what additional evidence was considered by ALJ Stephan since this court does not have the administrative transcript. ALJ Stephan stated in his decision that he considered a letter from Brian's treating physician stating that Brian was in "a comprehensive psychiatric treatment facility," and that Brian was unable to live in a

11

less restrictive setting. Defendant's Ex. 4, ALJ Stephan Decision at 4. The ALJ then found that the payments were part of a single daily charge with no supplemental medical expenses not covered by the daily charge, and thus, the payments were essentially for medical treatment. *Id.* The ALJ concluded that the payments were not to be included as "income" for purposes of SSI. *Id.* ALJ Stephan's "NOTICE OF DECISION" stated specifically that, although he was issuing a favorable decision, the "Appeals Council may decide to review [the] decision even though you do not ask it to do so." Defendant's Ex. 4 at 1.

Plaintiff was represented at the time of ALJ Stephan's decision, and the Appeals Council notice was sent to plaintiff's counsel. Plaintiff's Ex. 5. For due process purposes, it is important to note that the Appeals Council's letter dated February 21, 2006 constituted the required ***notice*** that the Appeals Council had assumed jurisdiction on its own, as plaintiff had been told in the ALJ's notice of favorable decision. The court would also point out that the Appeals Council stated that it was "planning" on sending the case back to an ALJ for more action and specifically stated its reasons for doing so in a lengthy decision. Defendant's Ex. 5.

In the letter, the Appeals Council cited ***specific reasons*** why ALJ Stephan's findings were not supported by the record, and basically ***outlined the deficiencies in the ALJ's decision***. *Id.* Appeals Council Decision at 3. A review of that decision shows that the Appeals Council did not believe that the ALJ considered enough

12

appropriate evidence, allowing him to make his conclusion. *Id.* at 3-4. The Appeals Council gave plaintiff ***thirty days*** within which plaintiff could "***send us a statement about the facts and the law in this case***." *Id.* at 4 (emphasis added). The Appeals Council stated that if it did not hear from plaintiff in thirty days, a decision would be rendered without any additional information from plaintiff. *Id.* In fact, the Appeals Council did not actually issue the decision remanding the case to an ALJ until May 27, 2006. Plaintiff's Ex. 6). It does not appear that plaintiff submitted anything to the Appeals Council in explanation or in support of her position, despite being given the opportunity to do so and being told exactly what was lacking in the ALJ's decision.

Unfortunately, plaintiff cannot forego the opportunity to respond, fail to exhaust her claims, and then attempt to have the court waive the exhaustion requirement by claiming that she is being denied due process by the great delay in the agency's methods. Plaintiff could have submitted additional evidence and arguments to the Appeals Council. If the Appeals Council changed its decision based on additional information, the plaintiff would not be in this court. While any additional information may not have changed the Appeals Council's decision, plaintiff was certainly given an ***opportunity to respond***. As stated above, the essence of due process is ***notice*** and an ***opportunity to respond.*** Plaintiff in this case was given ***both*** under the regulations before the Appeals Council remanded the case to another ALJ. Therefore, plaintiff's request for this court to waive the exhaustion requirement on due process grounds

13

cannot succeed.[6]

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that defendant's motion to dismiss for lack of subject matter jurisdiction (Dkt. No. 4) be **GRANTED**, and the **COMPLAINT DISMISSED.**

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: November 27, 2007

_____
Hon. Gustave J. DiBianco
U.S. Magistrate Judge

---

[6] This court is ***not making any findings regarding the merits of plaintiff's claim.*** It is not the court's province to find facts or to analyze new facts that were not before the agency. New evidence can only be considered in determining whether to remand the case to the Commissioner under sentence six of 42 U.S.C. § 405(g). *See Tirado v. Bowen*, 842 F.2d 595, 597 (2d Cir. 1988).